Julie E. Patterson, California Bar No. 167326
  jepatterson@bryancave.com
Tamara S. Freeze, California Bar No. 239037
  tamara.freeze@bryancave.com
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100

Attorneys for Defendant
BUILD-A-BEAR WORKSHOP, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ALEXANDER, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>BUILD-A-BEAR WORKSHOP, INC., a Delaware Company; and DOES 1-75 inclusive,<br><br>        Defendants. | Case No. 1:08-CV-00726-OWW-GSA<br><br>**STIPULATION AND PROTECTIVE ORDER** |

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff DEBRA ALEXANDER ("Plaintiff"), on the one hand, and Defendant BUILD-A-BEAR WORKSHOP, INC. ("Defendant"), on the other hand, by and through their counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree as follows:

WHEREAS, counsel for Plaintiff and Defendant have served, and/or intend later to serve, discovery requests directed to the opposing or other parties; and WHEREAS, it appears likely to counsel for Plaintiff and Defendant that their clients' responses to such discovery requests may reveal legally-protected trade secrets, privacy-protected information, and/or other confidential and proprietary information.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the following procedures shall be employed and the following terms, conditions, and restrictions shall govern with respect to all discovery made by any party to this case including all summaries, extracts, and material derived from this case (hereinafter "information"), as well as all filings made in this case:

1. Any party or other person producing information in this case may, in good faith, designate information as CONFIDENTIAL, the disclosure of which would constitute an invasion of the privacy of or may cause competitive or financial injury to, the party or other producing person, or any third party. At the time of production or other disclosure of such CONFIDENTIAL information, the producing party or other person shall designate such material by placing the word CONFIDENTIAL on each such document or other material, or if it is not possible to so label the material, by means of such other designation as will identify the CONFIDENTIAL information with sufficient specificity to permit counsel to adhere to the provisions of this Protective Order. Only that portion of the document or information so specified shall be considered CONFIDENTIAL, subject to the provisions of this Protective Order.

PDF created with pdfFactory trial version www.pdffactory.com

2. The designation of information as CONFIDENTIAL shall not be considered conclusive or binding on any party, and such designation may be contested by noticed motion at any time. However, unless and until an Order of this Court sets aside a CONFIDENTIAL designation, all documents and information so designated shall be treated as CONFIDENTIAL pursuant to the terms of this Protective Order.

3. Any CONFIDENTIAL information that is produced shall be produced only to counsel of record for the parties in this litigation. Counsel for any party who obtains any CONFIDENTIAL information from any other party shall protect it and its contents from all disclosure to anyone, save for the persons designated in this paragraph. Counsel of record may disclose CONFIDENTIAL information where necessary to the proper preparation for, and trial of, this case, to:

(a) their employees and employee equivalents (e.g., contract paralegals, etc.);

(b) independent experts hired only for the purpose of aiding counsel of record in connection with counsel's preparation for trial (who shall have no ownership interest in or business relationship with any other party named in this litigation or any competitor of defendants);

(c) witnesses and deponents testifying under oath, and the certified shorthand reporter conducting the deposition;

(d) the parties to this litigation;

(e) any person whose name appears on the face of discovery material designated as CONFIDENTIAL and the discovery material indicates that the person authored or received the material; or if it is otherwise established that the person had previous, authorized access to the information or document and knows the information contained in the document;

(f) this Court and members of its staff;

(g) the jury in this matter; or

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

IR01DOCS385975.2     3

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

(h)     any other person or entity whom the parties mutually agree in writing may receive disclosure of such CONFIDENTIAL information. Counsel shall distribute this Protective Order to all such persons referenced in subsections (a) through (d) above and shall require that said persons read this Order and agree to be bound by its terms by signing the Acknowledgment form attached hereto as Exhibit A.

4.     Whenever any CONFIDENTIAL information is introduced or used at a deposition, those portions of the deposition that concern CONFIDENTIAL information (a) shall be conducted in such a way that only persons authorized by this Protective Order to have access to such matters are present; and (b) shall be separately bound after transcription and marked as CONFIDENTIAL, and then shall be deemed to be subject to the terms of this Protective Order.  For convenience, if a deposition transcript or exhibit contains repeated references to CONFIDENTIAL material which cannot conveniently be segregated from non-CONFIDENTIAL material, any party may request that the entire transcript or exhibit be designated as CONFIDENTIAL.  CONFIDENTIAL information may only be elicited or used in depositions of parties, or persons employed by parties, who produced such information and only if the person deposed has knowledge of such information, has agreed to be bound by the terms of this Protective Order, and reviewed and signed Exhibit A.

5.     Counsel may show CONFIDENTIAL material to a witness at a deposition and examine that witness concerning the same, provided that such counsel must, in the course of the deposition, inquire as to whether the witness agrees to be bound by the terms of this Protective Order.  If the witness does not so agree, then neither the witness nor his counsel, if any, may retain or be given any copy of the CONFIDENTIAL material including, but not limited to, a copy of any pages of the transcript of the deposition that are designated CONFIDENTIAL.  In the event of such refusal by the witness, the reporter shall be instructed to give the

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

PDF created with pdfFactory trial version www.pdffactory.com

1  witness written notice when the transcript has been prepared, stating that the witness
2  may inspect the transcript and its exhibits in the reporter's office, and that if the
3  original deposition transcript is not signed within thirty (30) days after the date of
4  the notice, it will be used as if it had been signed.  The witness shall not be furnished
5  with a copy of portions of the deposition transcript or exhibits that have been
6  designated as CONFIDENTIAL.  If the witness does not sign the original deposition
7  transcript within thirty (30) days after the date of the written notice described in this
8  paragraph, the deposition transcript may be used as if it had been signed.

9        6.     Failure of counsel to designate testimony or exhibits as
10 CONFIDENTIAL during a deposition shall not constitute a waiver of the
11 confidentiality of the testimony or exhibits.  Upon receipt of the transcript of the
12 deposition, counsel shall be entitled to designate specific pages and lines of the
13 transcript or exhibits as CONFIDENTIAL; however, any other party shall be
14 entitled to treat the transcript or exhibits as non-CONFIDENTIAL material until
15 such time as the CONFIDENTIAL designation is made.

16       7.     Whenever any party wishes to file with the Court, introduce, or use at
17 trial, a hearing, or any other proceeding any CONFIDENTIAL information, that
18 party shall provide written notice to all parties and to the Court prior to disclosing or
19 filing the CONFIDENTIAL information.  Thereafter, any party may move the Court
20 by application or noticed motion, pursuant to Rule 39-141 of the Local Rules of the
21 United States District Court for the Eastern District of California, to have all filings
22 and disclosures containing CONFIDENTIAL information filed under seal.  If the
23 party moves the Court in this fashion, all such filings and disclosures containing
24 CONFIDENTIAL information shall be lodged and filed in the manner set forth in
25 Rule 39-141 until the Court makes such rulings and provides instruction to the
26 parties on how to file such CONFIDENTIAL information thereafter.

27       8.     If any CONFIDENTIAL material is provided to a discovering party
28 without being marked as CONFIDENTIAL, the failure so to mark the material shall

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

IR01DOCS385975.2                    5

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

not be deemed a waiver of its confidentiality. Until the material is designated as CONFIDENTIAL by the producing party, however, the discovering party shall be entitled to treat the material as non-CONFIDENTIAL. Upon designation, such material shall be treated as CONFIDENTIAL in accordance with the provisions of this Protective Order.

9. Within thirty (30) days after the termination of this action, discovering counsel shall return to producing counsel all documents including, without limitation, deposition, trial, hearing, or other transcripts containing information designated as CONFIDENTIAL, as well as all copies thereof, and shall return or destroy any extracts, summaries, or material derived from the information. In addition, the Clerk of this Court shall return to producing counsel all documents, transcripts, exhibits and any other materials containing information designated as CONFIDENTIAL that have been filed with this Court.

10. Nothing in this Protective Order is intended to or shall be deemed to require the production or disclosure of irrelevant or privileged documents or information, or to prevent a party from withholding production or disclosure on these or other appropriate grounds.

11. Nothing in this Protective Order is intended to or shall be deemed to limit the parties from any further use of CONFIDENTIAL information (or information derived therefrom) which a party or its or his agent has itself (or himself) produced, generated, or obtained other than through discovery in this action.

12. Any summary, extract, briefs, or other material which is based on or refers to material containing CONFIDENTIAL information, shall be subject to this Protective Order only to the extent that it actually reveals CONFIDENTIAL information, as designated by the parties above. No summary, extract, briefs, or other material shall be considered CONFIDENTIAL merely by the fact that it is based on or refers to material containing CONFIDENTIAL information. The parties

PDF created with pdfFactory trial version www.pdffactory.com

1  shall also have the option of redacting CONFIDENTIAL information in such a
2  summary, extract, brief, or other material, rather than placing the entire document
3  under seal.
4       13.   If discovery is sought from non-parties which may involve
5  CONFIDENTIAL material or information in the possession of that non-party, then
6  counsel for the propounding party shall provide a copy of this Protective Order
7  along with the discovery, and offer the non-party the opportunity to make the
8  material or information it produces subject to this Protective Order.
9       14.   This Protective Order is entered without prejudice to the right of any
10 party to waive the applicability of this Protective Order as to any information
11 produced by the party. Upon application to this Court or by noticed motion, any
12 party may:
13       (a)   Seek additional protective treatment for any information or
14 documents which might become the subject of discovery;
15       (b)   Object to the designation of any document as CONFIDENTIAL;
16 or
17       (c)   Seek any modification of, or relief from, this Protective Order
18 and such other relief as may seem appropriate. Prior to any such application or
19 motion, counsel shall confer to try to reach an agreement without resort to this
20 Court.
21       15.   Once they have signed and delivered to counsel for the other party this
22 signed Stipulation, the parties agree to comply with the terms of this Stipulation for
23 the remainder of this action, whether or not the Court enters this or any other
24 Protective Order, except to the extent that such compliance would cause a party to
25 violate a Court order or direction or otherwise contradict an order or direction of the
26 Court.
27 ///
28 ///

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

PDF created with pdfFactory trial version www.pdffactory.com

16. The terms of this Protective Order shall survive and remain in full force and effect after the termination of this lawsuit.

Dated: January 30, 2009

**BRYAN CAVE LLP**
Julie E. Patterson
Tamara S. Freeze


By: /s/ Julie E. Patterson
    Julie E. Patterson
Attorneys for Defendant
BUILD-A-BEAR WORKSHOP, INC.

Dated: January 13, 2009

**THOMAS J. ANTON & ASSOCIATES, INC.**
Thomas J. Anton
Stephen P. Wainer
Gabriel A. Godinez


By: /s/ Gabriel A. Godinez

Attorneys for Plaintiff
DEBRA ALEXANDER

## **ORDER**

Having read the foregoing Stipulation of the parties and good cause appearing therefor, IT IS SO ORDERED.

Dated: January 30, 2009

/s/ OLIVER W. WANGER
Hon. Oliver W. Wanger
United States District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com

# **EXHIBIT A**

# **CONFIDENTIALITY AGREEMENT**

I, _____, residing at

_____, have read the foregoing Stipulation and Protective Order ("Order") in the civil action entitled <u>DEBRA ALEXANDER vs. BUILD-A-BEAR WORKSHOP, INC.; and DOES 1 through 100, inclusive</u>, United States District Court for the Eastern District of California Case No. 1:08-CV-00726-OWW-GSA (the "Action").  I agree to be bound by its terms with respect to any documents designated as "CONFIDENTIAL" that are furnished to me as set forth in the Order, unless and until the Order is modified by further order of the Court.  I further agree to return documents to the producing party or third party according to the terms of Paragraph 9 of that Order.

I hereby consent to the jurisdiction of the Court in which the Action is pending with respect to any proceedings to enforce the terms of the Order against me.

I hereby agree that any documents designated as "CONFIDENTIAL" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

DATED: _____   _____
                                                              (Signature)

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

IR01DOCS385975.2

9

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com